UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WG TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:13-cv-304 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| RANDALL R. THOMPSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff has filed a Motion for Leave to File a Second Amended Complaint. For the following reasons, the Plaintiff's Motion is denied.

## BACKGROUND

On October 23, 2012, Plaintiff, WG Technologies, Inc., an Illinois citizen, filed a Complaint against Defendant, Randall R. Thompson, a citizen of Wisconsin, for judicial removal from its Board of Directors in the Circuit Court for the Sixteenth Judicial Circuit, Kane County, Chancery Division ("state court"). On December 19, 2012, Plaintiff filed a First Amended Complaint against Thompson, adding three additional causes of action for civil conversion, common-law fraud and replevin and seeking monetary damages in excess of $500,000. Plaintiff alleges that Thompson engaged in a systematic and fraudulent scheme of withdrawing significant corporate funds and other assets for his own personal use and for the use of his family and friends. On January 15, 2013, Thompson removed this action state court from based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and 28 U.S. § 1441.

Plaintiff has now moved for leave to file a Second Amended Complaint, in which Plaintiff seeks to add a new defendant, Whip & Chip, LLC, an Illinois limited-liability company

d/b/a Hunter's Fairway Sotheby's International Realty ("Sotheby's"). Plaintiff alleges Sotheby's

is in possession of an extensive amount of office furniture and equipment that was purchased by

Thompson to furnish the real estate office run by Sotheby's and seeks replevin of that property.

Because the addition of Sotheby's would destroy diversity jurisdiction, Plaintiff also seeks to

remand this case back to State court. Thompson opposes the motion and argues that Plaintiff is

adding Sotheby's simply to destroy diversity jurisdiction and that Plaintiff has not stated a claim

against Sotheby's in its Second Amended Complaint. Plaintiff has not filed a reply brief.

## LEGAL STANDARD

"When joinder of a non-diverse party would destroy subject matter jurisdiction, 28

U.S.C. § 1447(e) applies and provides the district court two options: (1) deny joinder, or (2)

permit joinder and remand the action to state court." *Schur v. L.A. Weight Loss Centers, Inc.*,

577 F.3d 752, 759 (7th Cir. 2009). Once a case has been removed, the district court has the

discretion whether to permit the joinder of a non-diverse party and will balance the equities in

making that decision. *Id.* The district court considers the following four factors: (1) the motive

for seeking joinder, "particularly whether the purpose is to defeat federal jurisdiction"; (2) the

timeliness of the request; (3) the potential prejudice to the requesting party if joinder is not

allowed; and (4) "any other relevant equitable considerations." *Id.*

## ANALYSIS

In its motion, Plaintiff seeks to join Sotheby's, a non-diverse entity, as a Defendant in this

matter. Plaintiff alleges that Thompson purchased an extensive amount of office furniture and

equipment, using Plaintiff's funds, in order to furnish a real estate office run by Sotheby's in

North Barrington, Illinois. Plaintiff alleges that Sotheby's is in possession of that personal

property and seeks to assert a claim of replevin against Sotheby's. Thompson objects and argues

that Plaintiff has not stated a claim for replevin against Sotheby's and that Plaintiff is improperly adding Sotheby's only to destroy jurisdiction.

*Plaintiff's Motive*

A plaintiff "may not join a non-diverse defendant simply to destroy diversity jurisdiction." *Schur*, 577 F.3d at 763 (internal citations omitted). "Although not dispositive, one tool for 'scrutinizing the plaintiff's motive for joining a non-diverse party' is the fraudulent joinder doctrine." *Nasca v. Swissport Cargo Servs., Inc.*, No. 11-cv-2822, 2011 WL 6136616, at *3 (N.D. Ill. Dec. 8, 2011) (quoting *Schur*, 577 F.3d at 764). Fraudulent joinder occurs when a non-diverse defendant is named as a party, but there is no "reasonable possibility" that the plaintiff could prevail against the non-diverse party. *Schur*, 577 F.3d at 764. A defendant opposing the joinder must show that "the claim against the non-diverse defendant is utterly groundless." *Walton v. Bayer Corp.,* 643 F.3d 994, 999 (7th Cir. 2011). However, "[a] defendant faces a 'heavy burden' to demonstrate that the joinder is fraudulent, and some courts, including district courts within this circuit, have suggested that the burden is even more favorable to the plaintiff than the standard that applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Schur,* 577 F.3d at 764 (internal quotations and citations omitted).

Thus, the analysis turns to Illinois state law as to whether Plaintiff has a claim for replevin against Sotheby's. Under 735 ILCS 5/19-101 (2013), an action for replevin may be brought "[w]henever any goods or chattels have been wrongfully distrained, or otherwise wrongfully taken or are wrongfully detained . . . by the owner or person entitled to their possession." Under the statute, a complaint for replevin must be verified and it must describe the property to be replevied, as well as state that the plaintiff is the owner of the property (or that he or she is entitled to its possession) and that the property has been wrongfully detained by the

defendant. 735 ILCS 5/19-104 (2013). An action for replevin is "a strict statutory proceeding, and the statute must be followed precisely." *Carroll v. Curry*, 912 N.E.2d 272, 275 (Ill. App. Ct. 2009) (citations omitted); *see also Blum v. City of Chicago*, 261 N.E.2d 457, 458 (Ill. App. Ct. 1970) (dismissing replevin complaint for failure to meet statutory requirements). Furthermore, under Illinois law, where the defendant possesses the property lawfully, the plaintiff cannot bring an action for replevin "until the plaintiff has made a demand for the surrender of the property and the defendant has refused." *First Illini Bank v. Wittek Indus.*, 634 N.E.2d 762, 763 (Ill. App. Ct. 1994).

In its proposed Second Amended Complaint, Plaintiff alleges that Sotheby's "is wrongfully in control and possession of a multitude of property owned by the Corporation," including "an extensive amount of office furniture and equipment" used to furnish a real estate office in North Barrington, Illinois, and that totals in excess of $20,000. (Pl.'s Mot. Exh. A ¶¶ 59, 69.) Plaintiff further alleges that it made a demand for the return of the property in Sotheby's possession by letter, dated November 19, 2012, and addressed to Patrick J. Williams, who is the attorney representing Thompson. (*Id.* ¶ 62.)

Under a strict interpretation of the replevin statute, as is required, Plaintiff's allegations do not support a claim for replevin. Plaintiff does not allege that Sotheby's has "wrongfully distrained, or otherwise wrongfully taken" or "wrongfully detained" goods or chattel from Plaintiff. *See* 735 ILCS 5/19-101. Rather, Plaintiff alleges that Sotheby's "is wrongfully in control and possession" of property owned by Plaintiff. There are no allegations that Sotheby's has wrongfully distrained (seized) or taken goods from Plaintiff. Furthermore, Plaintiff has not properly alleged that Sotheby's has "wrongfully detained" goods from Plaintiff. Plaintiff's allegation that Sotheby's is "in control and possession" is not the same as detaining the goods.

This is further reflected by Plaintiff's failure to make a demand on Sotheby's for the return of the property, as is required by Illinois law. *First Illini Bank*, 634 N.E.2d at 763. Rather, Plaintiff has made a demand on Thompson's lawyer, who clearly does not represent Sotheby's in this matter. Indeed, Plaintiff's demand on Thompson's lawyer, instead of Sotheby's, suggests that Plaintiff itself views Thompson as the proper party for replevin.

Nor has Plaintiff submitted a verified complaint, as required by the statute; rather, Plaintiff has left the verification signature blank. "Since the Replevin Act sets forth specifically what allegations shall constitute a cause of action, the ordinary rules of pleading must yield to the explicit requirements of the statute." *Blum*, 261 N.E.2d at 458. For all of those reasons, Plaintiff has not complied with the explicit requirements of the statute, and, therefore, there is no "reasonable possibility" that Plaintiff could maintain a replevin action against Sotheby's. *Schur*, 577 F.3d at 764. Furthermore, Plaintiff has failed to file a reply brief that responds to Defendant's arguments. Consequently, although not dispositive, *Schur*, 577 F.3d at 764, this factor weighs against joinder of Sotheby's.

*Timing*

Next, the timeliness of the motion to join is considered. In this case, the timing of Plaintiff's motion is suspicious. Plaintiff did not seek to add Sotheby's as a Defendant until Thompson removed this action to federal court. In *Schur*, 577 F.3d at 767, the Seventh Circuit noted that where a plaintiff seeks to join a non-diverse party "immediately after removal, but without additional discovery providing a legitimate reason for doing so, it would . . . suggest[] that the joinder's only purpose was to destroy jurisdiction." *See also Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999) (stating that "where, as here, a plaintiff seeks to add a non-diverse defendant immediately after removal but before any additional discovery has taken place, district

courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction").

Here, although Plaintiff attempted to make a demand for the property before filing suit, Plaintiff added Sotheby's as a defendant only after removal and before any additional discovery took place. Such timing supports the proposed joinder is only to destroy diversity jurisdiction and weighs against joinder.

### *Prejudice to Plaintiff if Joinder is Denied and Other Equitable Considerations*

The final factors to be addressed are any prejudice to the plaintiff if joinder is denied and any other equitable considerations. Here, there appears to be little or no prejudice to Plaintiff because Plaintiff does not have a cause of replevin against Sotheby's, as discussed above. Furthermore, Plaintiff has already asserted in its Complaint a claim for replevin against Thompson for the same office equipment and furniture. If Plaintiff prevails against Thompson, it will be made whole for its claims. Therefore, those factors weigh against joinder.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File a Second Amended Complaint [11] is denied.

Date:_____May 8, 2013_____          _____
                                             JOHN W. DARRAH
                                             United States District Court Judge

6